**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

FRISLY ELDER LOPEZ CABRERA,

Petitioner,

v.

CHRISTOPHER LAROSE, Warden, Otay Mesa Detention Center; PATRICK DIVVER, Field Office Director, Enforcement and Removal Operations, Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary, Department of Homeland Security; TODD M. LYONS, Acting Director, Immigration and Customs Enforcement; and SERGIO ALBARRAN, Acting Director, San Francisco Field Office,

Respondents.

Case No.: 3:26-cv-05257-BTM-DDL

**ORDER DENYING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF NO. 5]**

Pending before the Court is Frisly Elder Lopez Cabrera's petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated below, the Court DENIES the petition.

//

Lopez Cabrera is a citizen of Guatemala. (ECF No. 5 ("Am. Pet."), at 2.) In July 2014, he was encountered by Border Patrol agents in the United States, detained, and removed to Guatemala. (ECF No. 6 ("Return"), at 2.) Nevertheless, in 2015, he re-entered the United States. (ECF No. 5-1 ("Decl.") ¶ 1.) In July 2016, Lopez Cabrera was arrested for public intoxication, taken into Immigration and Customs Enforcement ("ICE") custody, and served a Reinstatement Deportation Order. (Return, 2.) He was subsequently released on an Order of Supervision. (*Id.*) Nearly a decade later, on August 4, 2026, an arrest warrant was issued for Lopez Cabrera. (ECF No. 6-1 ("Ex. 1"), 2.) The next day, on August 5, 2026, Lopez Cabrera was detained during a scheduled check-in with ICE. (Am. Pet., 2.) The reason for his arrest warrant was to facilitate a reasonable fear interview in order to further his immigration case for a final disposition. (ECF No. 6-1 ("Ex. 2"), 7.) A reasonable fear interview was conducted by a Department of Homeland Security ("DHS") agent who determined that Lopez Cabrera did not have a credible fear of returning to Guatemala. (ECF No. 6-1 ("Ex. 5"), 18.) An Immigration Judge ("IJ") reviewed the DHS's determination and after taking testimony concurred with the DHS that Lopez Cabrera had not established a reasonable possibility that he would be persecuted on the basis of a protected ground or tortured in Guatemala. (*Id.*) Therefore, Lopez Cabrera's reinstated order of removal became final. The Government has informed the Court that ICE has scheduled and confirmed a flight itinerary for Lopez Cabrera's removal. (ECF No. 7 ("Motion"), 2.)

Although Lopez Cabrera initially brought two claims, he is no longer pursuing his claim that he was arrested without a warrant. (ECF No. 8 ("Traverse"), at 8, fn. 2.) Instead, he solely contends that the Government did not provide him with sufficient process when it revoked his conditional parole. (Am. Pet., 2.) He also does not challenge his expedited removal or his reinstated final order of removal. The Court finds that the Government did comply with the statutory procedures required to revoke Lopez Cabrera's order of supervision under 8 C.F.R. § 241.13(i). Section 241.13(i)(2) provides that the Government may revoke a noncitizen's release and return the noncitizen to custody if, "on account of

changed circumstances," the Government "determines that there is a significant likelihood" of removal "in the reasonably foreseeable future." To do so, the Government must notify the noncitizen of the reasons for revocation; must "conduct an initial informal interview promptly" after his return to custody to "afford the [noncitizen] an opportunity to respond to the reasons for revocation stated in the notification" at which the noncitizen "may submit any evidence or information that [he] believes shows that there is no significant likelihood [he may] be removed in the reasonably foreseeable future;" and "the revocation custody review will include an evaluation of any contested facts relevant to the revocation and a determination whether the facts as determined warrant revocation and further denial of release." 8 C.F.R. § 241.13(i)(3).

Here, the Government provided Lopez Cabrera a Notice of Revocation of Release on August 5, 2026. (ECF No. 10-1 ("Notice"), 2.) The Notice specifically stated that "[c]ircumstances have changed" and informed Lopez Cabrera that the DHS would be enforcing the July 25, 2019 order reinstating his removal order. (*Id.*) On the same day, ICE conducted an informal interview with Lopez Cabrera. (ECF No. 10-2 ("Interview Tr."), 5.) At the interview, Lopez Cabrera provided information about his family situation, but did not provide testimony or evidence showing no significant likelihood of removal in the reasonably foreseeable future. Furthermore, it is not within the Court's jurisdiction to make a determination as to the evidence Lopez Cabrera provided at this informal interview. For these reasons, the Court finds that the Government did provide due process for Lopez Cabrera to contest the revocation of his supervised release. Lopez Cabrera's petition for the writ of habeas corpus is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 5, 2026

Honorable Barry Ted Moskowitz
United States District Judge